Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel./Fax: (972) 755-7100

*Special Counsel for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:** § | |
| § | |
| **CARL GERARD DORVIL,** § | Case No. 23-30771-sgj7 |
| § | Chapter 7 |
| Debtor. § | |

### EMERGENCY MOTION OF CARL GERARD DORVIL
### FOR RELIEF FROM THE AUTOMATIC STAY

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 19, 2023, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE STACEY G. C. JERNIGAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Carl Gerard Dorvil (the "Debtor") files this *Emergency Motion for Relief from the Automatic Stay* (this "Motion") and in support thereof respectfully states as follows.

# I.
# BACKGROUND

1. On April 20, 2023, Carl Gerard Dorvil filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case").

2. When this Bankruptcy Case was filed, the Debtor was engaged in a three-day jury trial in Cause No. DC-19-07426, *Charles Mason and Kathleen Mason v. Agile Connections LLC and Carl Dorvil* pending in the 162nd District Court in Dallas County, Texas (the "State Court Case"). Once notified of the bankruptcy filing, the presiding judge suspended the trial but kept the jury empaneled.

3. On April 25, 2023, Charles and Kathleen Mason (the "Masons") filed their *Emergency Motion of Charles and Kathleen Mason for Relief from the Automatic Stay and Related Relief* [Dkt. No.8] seeking relief from the automatic stay to allow for the completion of the State Court Case and for the liquidation of the Plaintiffs' bankruptcy claim against the Debtor.

4. On May 2, 2023, the Court entered the *Order Granting Emergency Motion of Charles and Kathleen Mason for Relief from the Automatic Stay and Related Relief* [Dkt. No. 22] the ("Lift Stay Order"), which lifted the automatic stay for a period of ninety (90) days to allow in the State Court Case: (a) completion of the trial, (b) the empaneled jury to render a verdict, and (c) the state court to enter a judgment.

5. On July 28, 2023, a *Final Judgment* was entered in the State Court Case in favor of the Masons (the "Judgment").

6. The stay relief granted in the Lift Stay Order expired on July 31, 2023.

7. Through this Motion, the Debtor seeks relief from the automatic stay to allow the Debtor to prosecute his *Motion for Judgment Notwithstanding the Verdict and to Modify the Judgment* and *Motion for New Trial* filed in the State Court Case, and to pursue an appeal, as necessary.

8. The Debtor sought an agreed order with the Masons granting the relief requested herein, but the Masons inexplicably oppose the Debtor's pursuit of his post-judgment rights and appeal and have refused to agree to an order authorizing the Debtor to challenge and appeal the Judgment.

## II.
## ARGUMENTS AND AUTHORITIES

9. The Court may modify the automatic stay pursuant to Bankruptcy Code Section 362(d). Section 362(d) provides, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest….

9. The term "cause" is not defined in the Bankruptcy Code; thus, Courts are free to determine it on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) ("Because § 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis."); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997) (opining that cause is not defined in the Bankruptcy Code, "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.").

10. In determining if cause exists, "courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re*

*Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). The automatic stay is intended to preserve the assets of the debtor and to provide an equitable procedure for all creditors. *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982)(citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). When a pending action does not interfere with the bankruptcy proceeding, the automatic stay in no way fosters Bankruptcy Code policy. *Id.*, at 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50, 52, reprinted in [1978] U.S. Code Cong. & Ad. News 5836, 5638). Whether cause exists is committed to the discretion of the bankruptcy court. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

11. In this case, cause exists to lift the automatic stay to permit the Debtor to proceed with post-judgment litigation and, as necessary, appeal of the Judgment entered against him in the State Court Case. Post-judgment litigation will not interfere with the Debtor's Bankruptcy Case, and the Debtor has the legal right to appeal the Judgment entered against him. Furthermore, the Masons' claims against the Debtor remain disputed and contingent pending the Debtor's prosecution of his appeal. There is no basis to deny the Debtor his appellate rights, especially considering the Masons have initiated an adversary proceeding challenging the discharge of the disputed debt and Judgment.

12. Accordingly, "cause" exists for this Court to modify the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the Debtor to proceed with post-judgment litigation and appeal, as necessary, in the State Court Case.

13. The Debtor seeks emergency consideration of this Motion. Time is of the essence for the Debtor to prosecute his existing post-judgment rights and to file an appeal of the Judgment, if necessary.

14. Counsel for the Debtor has conferred with Philip Lamberson, counsel for the Masons. As noted above, the Masons oppose the relief requested in the Motion, but they do not oppose emergency consideration of the Motion.

### III.
### PRAYER

BASED UPON THE FOREGOING, the Debtor respectfully requests that the Court enter an order: (i) granting relief from the automatic stay so that the Debtor may pursue post-judgment litigation in the State Court Case and appeal, as necessary; and (ii) granting such other and further relief to which the Debtor is justly entitled.

DATED: September 5, 2023.

        Respectfully submitted,

        **HAYWARD PLLC**

        By: */s/ Melissa S. Hayward*
            Melissa S. Hayward
              Texas Bar No. 24044908
              MHayward@HaywardFirm.com

        10501 N. Central Expy., Ste. 106
        Dallas, Texas 75231
        Tel./Fax: (972) 755-7100

        *Counsel for Carl Gerard Dorvil*

## CERTIFICATE OF CONFERENCE

      I hereby certify that on August 31, 2023, I corresponded with Philip Lamberson, counsel for Charles and Kathleen Mason, regarding the requested relief. The Masons oppose the lifting of the stay to allow Mr. Dorvil to pursue his appellate rights, but they do not oppose emergency consideration of the Motion.

                                            /s/ *Melissa S. Hayward*
                                            Melissa S. Hayward

## CERTIFICATE OF SERVICE

      I hereby certify that on September 5, 2023, a true and correct copy of the foregoing Motion was served either via electronic notice through the Court's CM/ECF system and/or via First Class Mail upon the parties on the attached service list.

                                            /s/ *Melissa S. Hayward*
                                            Melissa S. Hayward