Phillip Lamberson - Texas Bar No. 00794134
Jason A. Enright - Texas Bar No. 24087475
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
plamberson@winstead.com
jenright@winstead.com

**ATTORNEYS FOR CHARLES AND
KATHLEEN MASON**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-30771-sgj7** |
| **CARL GERARD DORVIL,** | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

### OBJECTION TO EMERGENCY MOTION FOR RELIEF FROM
### THE AUTOMATIC STAY

TO THE HONORABLE STACEY G. C. JERNIGAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Charles and Kathleen Mason (the "Masons"), creditors in the above-captioned bankruptcy case (the "Bankruptcy Case") of Carl Gerard Dorvil (the "Debtor"), file this objection (this "Objection") to the *Emergency Motion of Carl Gerard Dorvil for Relief from the Automatic Stay* [Docket No. 48] (the "Lift Stay Motion") and in support thereof, respectfully state as follows:

### I.    PRELIMINARY STATEMENT[1]

1.    On May 2, 2023, this Court temporarily lifted the automatic stay for 90 days to allow for completion of an ongoing trial and for a jury verdict and judgment to be rendered in the State Court Litigation in order to liquidate the Masons' claim against the Debtor. Final Judgment

---

[1] Certain capitalized terms used in the Preliminary Statement are defined later in this Objection.

in the State Court Litigation was entered on July 31, 2023, and, pursuant to this Court's order, the automatic stay was reimposed on August 1, 2023.

2.    The Masons thereafter filed their proof of claim [Claim No. 4] (the "Proof of Claim"), which used the Final Judgment to liquidate their claim but otherwise submitted all issues related to such claim to this Court.

3.    Despite reimposition of the automatic stay, as well as this Court's order specifically prohibiting actions taken to allow for "a new trial or empaneling of a new jury in the State Court Litigation," the Debtor nonetheless filed a motion for new trial and a motion for judgment notwithstanding the verdict and to modify the judgment. By filing these Motions and attempting to continue the State Court Litigation, the Debtor clearly violated section 362(a)(1) of the Bankruptcy Code. Soon after, the Masons filed their *Motion of Charles and Kathleen Mason to Enforce the Automatic Stay and for Related Relief* [Docket No. 47] (the "Motion to Enforce"), which is attached as **Exhibit 1** and incorporated herein by reference.[2] The Debtor then filed the Lift Stay Motion seeking relief from the automatic stay so that the Debtor can generally "pursue post-judgment litigation in the State Court Case and appeal."

4.    Any litigation of the Proof of Claim or, as noted below, the Mason's Discharge Action should proceed in this Court. It makes no sense for this Court to abdicate authority and control of what are indisputably core bankruptcy proceedings to a state appellate process that could take years and, even then, be inconclusive. Likewise, if the Debtor's intent is to litigate the same issues both before this Court and in state court, the obvious questions are why would this Court allow such duplicative and inefficient litigation and why would a chapter 7 debtor even want it.

---

[2] The Masons did not file the Motion to Enforce as an emergency motion because they do not believe the issues presented must be considered on an emergency or expedited basis by the Court.

## II. RELEVANT BACKGROUND

5. Almost four years before the filing of this Bankruptcy Case, on May 23, 2019, the Masons filed suit against Agile Connections, LLC ("Agile") and the Debtor, styled as *Charles and Kathleen Mason, Plaintiffs. v. Agile Connections, LLC et al.*, Cause No. DC-19-07426, in the 162nd Judicial District of Dallas County, Texas (the "State Court Litigation"), asserting causes of action against the Debtor for breach of contract, money had and received, conversion and theft, fraudulent inducement and fraud, negligent misrepresentation, and conspiracy in connection with certain business loans the Masons made to Agile during 2016. After resetting the trial date numerous times, and after numerous delays in the State Court Litigation by the Debtor, trial ultimately commenced on April 18, 2023—nearly four years after it was initially filed.

6. On April 20, 2023 (the "Petition Date"), which was the third day of trial (and just prior to its conclusion), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which stayed the State Court Litigation.

7. On April 25, 2023, the Masons filed the *Emergency Motion of Charles and Kathleen Mason for Relief from the Automatic Stay and Related Relief* [Docket No. 8], in which the Masons requested that the Court grant stay relief to allow completion of the trial and a jury verdict and judgment to be rendered in the State Court Litigation, which would liquidate the Masons' claim in the Bankruptcy Case against the Debtor.

8. After a hearing on the Masons' motion for stay relief, which the Debtor contested, the Court entered its *Order Granting Emergency Motion of Charles and Kathleen Mason for Relief form the Automatic Stay and Related Relief* [Docket No. 22] ("Stay Relief Order").

9. In the Stay Relief Order, the Court lifted the automatic stay for a period of 90 days from entry of the Stay Relief Order specifically to allow only: "(a) completion of the trial, (b) the currently empaneled jury to render a verdict, and (c) the state court to enter judgment (the "Claim");

*provided, however*, that liquidation of the Masons' Claim is without prejudice to the Trustee filing an objection in the Bankruptcy Case to the Claim amount at a later date." Stay Relief Order ¶¶ 2, 5.

10. Further, in the Stay Relief Order, the Court expressly ordered: "For the avoidance of doubt, the relief granted by this Order <u>does not</u> provide relief from the automatic stay to allow for: . . . (iii) a new trial or empaneling of a new jury in the State Court Litigation." *Id*. ¶ 4 (emphasis in original).

11. The trial re-started on June 5, 2023, and concluded on June 9, 2023.

12. On June 9, 2023, the jury returned its verdict. The jury found the Debtor liable for the Masons' claims for money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy, with damages in the following amounts: (a) actual damages in the amount of $4,868,346.37; (b) statutory damages for theft of $1,000.00; and (c) exemplary damages in the amount of $1,000,000.00. The jury also found the Debtor jointly and severally liable for damages awarded to the Masons against Agile.

13. On July 14, 2023, the Masons filed their *Original Complaint Objecting to Dischargeability of a Debt Under U.S.C. § 523*, commencing adversary proceeding 23-03063 against the Debtor (the "<u>Discharge Action</u>"). *See* Docket 42.

14. On July 31, 2023, the state court entered the Final Judgment (signed July 28, 2023) in the State Court Litigation. In the Final Judgment, the state court ordered that the Masons recover the actual, statutory, and exemplary damage amounts awarded by the jury, as well as attorneys' fees in the amount of $273,155.00, expenses in the amount of $7,515.48, and costs of court.[3]

---

[3] Pursuant to the Final Judgment, the Debtor is also jointly and severally liable for damages with Agile in the following amounts: (a) actual damages in the amount of $2 million; (b) pre-judgment interest at the rate of 14.5%, totaling

15. On August 1, 2023, pursuant to the Stay Relief Order, the automatic stay was reimposed with respect to the State Court Litigation. *See id.* ¶ 5.

16. On August 28, 2023, despite the reimposition of the automatic stay, this Court's Stay Relief Order specifically forbidding actions taken to allow for "a new trial or empaneling of a new jury in the State Court Litigation," and the statutory prohibition under section 362(a)(1) of the Bankruptcy Code against the continuation of pre-petition litigation, the Debtor still filed in the State Court Litigation: (1) *Defendant Carl Dorvil's Motion for New Trial*; and (II) *Defendant Carl Dorvil's Motion for Judgment Notwithstanding the Verdict and to Modify the Judgment* (together, the "Prohibited Motions"). The Prohibited Motions are attached to the Motion to Enforce as Exhibit A and incorporated herein for all purposes.

17. On September 1, 2023, the Masons filed their Motion to Enforce.

18. On September 5, 2023, the Debtor filed his Lift Stay Motion, which effectively admitted the Debtor had violated the automatic stay by filing the Prohibited Motions.

### III. OBJECTION

19. The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(1). To the extent contested by the Debtor, filing and prosecuting the Prohibited Motions or an appeal of the Final Judgment violates the automatic stay. The Masons incorporate their Motion to Enforce for this point.

20. The Stay Relief Order reflected this Court's intent that completion of the trial already underway in the State Court Litigation be used to liquidate the Masons' claim against the

---

$2,816,706.32; (c) statutory damages for theft of $1,000.00; (d) attorneys' fees in the amount of $273,155.00; (e) expenses in the amount of $7,515.48; and (f) costs of court.

Debtor, and then any further proceedings would be in this Court. This is exactly why the Court gave the parties a 90-day window to obtain a judgment in the State Court Litigation, and did not lift the stay unconditionally. Consistent with that intent, the Masons filed both their Proof of Claim and the Discharge Action, both of which the Debtor is free to contest in the Bankruptcy Case. The Masons' Proof of Claim and the Masons' Discharge Action are bankruptcy actions that should proceed in the Bankruptcy Case. Both the Discharge Action and the Proof of Claim are clearly core proceedings. *See* 28 U.S.C. § 157(b)(2)(B) and (I). Continuation of the State Court Litigation would both significantly delay the Bankruptcy Case and take control of the timing of critical estate litigation away from this Court, as appeals of the Final Judgment could take years. And it is possible that the result of even a successful appeal is a reformed judgment that has no bearing on the Discharge Action or the Proof of Claim already pending in this Court.[4] The Debtor already successfully delayed trial of the State Court Litigation by almost four years. Further delays in the Masons' pursuit of justice against the Debtor should not be allowed or tolerated.

21.     If the Debtor's intent is to continue litigating with the Masons both in state court and the Bankruptcy Court, the obvious question is why? The Debtor voluntarily filed bankruptcy and submitted himself to this Court. Allowing the State Court Litigation to proceed would result in duplicative proceedings addressing similar issues. It would be incredibly inefficient and expensive to litigate similar issues in two forums, particularly when the only issue the Debtor should really care about is the Discharge Action. Presumably, a chapter 7 debtor with allegedly minimal assets (as the Debtor purports to be) would try to minimize litigation costs, not use them as a cudgel. Interestingly, this Debtor, who pleads poverty in his bankruptcy filings, has somehow

---

[4] For example, an appellate court may determine that the portion of the judgment that makes the Debtor vicariously liable for Agile's debt to the Masons was incorrectly decided, but otherwise maintains the Debtor's direct liability to the Mason under the Final Judgment. To be clear, the Masons believe any appeal of the Final Judgment would be frivolous, but even a best-case scenario for the Debtor may be a meaningless result for this Court.

been able to engage four different law firms to represent him in various actions *since* the Bankruptcy Case was filed.[5]

22. To the extent the Court determines that the state court may consider the Prohibited Motions or an appeal, the Masons would request relief from the automatic stay to allow the Masons to file responsive pleadings and otherwise defend themselves against the Prohibited Motions or an appeal. Here, it would greatly prejudice the Masons if the state court were to consider the merits of the Prohibited Motions or an appeal and the Masons could not defend themselves. In such case, the Masons would also request that the Court waive the 14-day stay of an order granting this Motion, as provided under Bankruptcy Rule 4001(a)(3).

## IV. PRAYER

The Masons respectfully request that this Court: (i) deny the Debtor's Lift Stay Motion; (ii) to the extent the Court deems necessary, grant the Masons relief from the automatic stay so they may file responsive pleadings and otherwise defend themselves against the Prohibited Motions or an appeal of the Final Judgment; and (iii) grant the Masons such other and further relief to which they may be justly entitled, both at law and in equity.

[*Remainder of Page Intentionally Left Blank*]

---

[5] Guy Harvey Holman PLLC represents the Debtor as bankruptcy counsel; Hayward PLLC represents the Debtor in the Mason's Discharge Action; Condon Tobin Sladek Thornton & Nerenberg PLLC represents the Debtor in another discharge action (Adv. No. 23-03053); and The Bhatti Law Firm PLLC represents the Debtor in the State Court Litigation and filed the Prohibited Motions.

**DATED: September 13, 2023.**

                        Respectfully submitted,

                        **WINSTEAD PC**
                        500 Winstead Building
                        2728 N. Harwood Street
                        Dallas, Texas 75201
                        (214) 745-5400 (Phone)
                        (214) 745-5390 (Facsimile)

                        By: */s/ Phillip Lamberson*
                            Phillip Lamberson
                            Texas Bar No. 00794134
                            Jason A. Enright
                            Texas Bar No. 24087475

                        **ATTORNEYS FOR CHARLES AND KATHLEEN MASON**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 13, 2023, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                              */s/ Phillip Lamberson*
                                              One of Counsel