Phillip Lamberson
Texas Bar No. 00794134
Jason A. Enright
Texas Bar No. 24087475
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
plamberson@winstead.com
jenright@winstead.com

**ATTORNEYS FOR CHARLES AND
KATHLEEN MASON**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-30771-sgj7** |
| **CARL GERARD DORVIL,** | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

**MOTION OF CHARLES AND KATHLEEN MASON TO ENFORCE
THE AUTOMATIC STAY AND FOR RELATED RELIEF**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 22, 2023, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE STACEY G. C. JERNIGAN, CHIEF UNITED STATES
BANKRUPTCY JUDGE:

Charles and Kathleen Mason (the "Masons"), creditors in the above-captioned bankruptcy

case (the "Bankruptcy Case") of Carl Gerard Dorvil (the "Debtor"), file this *Motion of Charles and*

*Kathleen Mason to Enforce the Automatic Stay and for Related Relief* (this "Motion") and in

support thereof, respectfully state as follows:

## I.     PRELIMINARY STATEMENT[1]

1.      On May 2, 2023, this Court lifted the automatic stay for 90 days to allow for

completion of trial and for a jury verdict and judgment to be rendered in the State Court Litigation.

Final Judgment in the State Court Litigation was entered on July 31, 2023, and, pursuant to this

Court's order, the automatic stay was reimposed on August 1, 2023.

2.      Despite reimposition of the automatic stay, as well as this Court's order specifically

prohibiting actions taken to allow for "a new trial or empaneling of a new jury in the State Court

Litigation," the Debtor nonetheless filed a motion for new trial and a motion for judgment

notwithstanding the verdict and to modify the judgment. By filing these Prohibited Motions and

attempting to continue the State Court Litigation, the Debtor violated section 362(a)(1) of the

Bankruptcy Code.  The Masons therefore request that the Court order that (i) the Debtor's filing of

the Prohibited Motions violated the automatic stay, (ii) any action taken to date in state court with

respect to the Prohibited Motions, without this Court's approval, is void, and (iii) the Debtor must

take immediate action in the State Court Litigation to withdraw or abate the Prohibited Motions.

To the extent the Court finds appropriate, the Masons would also request recovery of damages,

including attorneys' fees and expenses in seeking the relief requested in the Motion. If the Court

were to determine that the state court may consider the Prohibited Motions, the Masons would

---

[1] Certain capitalized terms used in the Preliminary Statement are defined later in this Motion.

request relief from the automatic stay so they may file responsive pleadings and otherwise defend themselves against the Prohibited Motions.

## II.    JURISDICTION, VENUE, AND STATUTORY PREDICATE

3.     The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for relief are sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4001(a).

## III.    RELEVANT BACKGROUND

5.     Almost four years before the filing of this Bankruptcy Case, on May 23, 2019, the Masons filed suit against Agile Connections, LLC ("Agile") and the Debtor, styled as *Charles and Kathleen Mason, Plaintiffs. v. Agile Connections, LLC et al.*, Cause No. DC-19-07426, in the 162nd Judicial District of Dallas County, Texas (the "State Court Litigation"), asserting causes of action against the Debtor for breach of contract, money had and received, conversion and theft, fraudulent inducement and fraud, negligent misrepresentation, and conspiracy in connection with certain business loans the Masons made to Agile during 2016. After resetting the trial date numerous times and numerous delays in the State Court Litigation by the Debtor, trial ultimately commenced on April 18, 2023.

6.     On April 20, 2023 (the "Petition Date"), which was the third day of trial (just prior to its conclusion), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which stayed the State Court Litigation. On the same day, Jeffrey H. Mims (the "Trustee") was appointed as chapter 7 trustee in the Bankruptcy Case.

---

7.      On April 25, 2023, the Masons filed the *Emergency Motion of Charles and Kathleen Mason for Relief from the Automatic Stay and Related Relief* [Docket No. 8] (the "Stay Relief Motion"), in which the Masons requested that the Court grant stay relief to allow completion of the trial and a jury verdict and judgment to be rendered in the State Court Litigation, which would liquidate the Masons' claim in the Bankruptcy Case against the Debtor.

8.      After hearing the Stay Motion, on May 2, 2023, the Court entered its *Order Granting Emergency Motion of Charles and Kathleen Mason for Relief form the Automatic Stay and Related Relief* [Docket No. 22] ("Stay Relief Order").

9.      In the Stay Relief Order, pursuant to section 362(d)(1) of the Bankruptcy Code, the Court lifted the automatic stay, for a period of 90 days from entry of the Stay Relief Order, specifically to only allow: "(a) completion of the trial, (b) the currently empaneled jury to render a verdict, and (c) the state court to enter judgment (the "Claim"); *provided, however*, that liquidation of the Masons' Claim is without prejudice to the Trustee filing an objection in the Bankruptcy Case to the Claim amount at a later date." Stay Relief Order ¶¶ 2, 5.

10.     Further, in the Stay Relief Order, the Court expressly ordered: "For the avoidance of doubt, the relief granted by this Order does not provide relief from the automatic stay to allow for: . . . (iii) a new trial or empaneling of a new jury in the State Court Litigation." *Id*. ¶ 4 (emphasis in original).

11.     The trial re-started on June 5, 2023, and concluded on June 9, 2023.

12.     Also on June 9, 2023, the jury returned its verdict.  The jury found the Debtor liable for the Masons' claims for money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy, with damages in the following amounts: (a) actual damages in the amount of $4,868,346.37; (b)

statutory damages for theft of $1,000.00; and (c) exemplary damages in the amount of $1,000,000.00.  The jury also found the Debtor jointly and severally liable for the damages awarded to the Masons against Agile.

13.    On July 14, 2023, the Masons filed their *Original Complaint Objecting to Dischargeability of a Debt Under U.S.C. § 523*, commencing adversary proceeding 23-03063 against the Debtor.  *See* Docket 42.

14.    On July 31, 2023, the state court entered the Final Judgment (signed on July 28, 2023) in the State Court Litigation.  In the Final Judgment, the state court ordered that the Masons may recover the actual, statutory, and exemplary damage amounts awarded by the jury, as well as attorneys' fees in the amount of $273,155.00, expenses in the amount of $7,515.48, and costs of court.[2]

15.    On August 1, 2023, pursuant to the Stay Relief Order, the automatic stay was reimposed with respect to the State Court Litigation.  *See id.* ¶ 5.

16.    On August 28, 2023, despite the reimposition of the automatic stay, this Court's Stay Relief Order specifically forbidding actions taken to allow for "a new trial or empaneling of a new jury in the State Court Litigation," and the statutory prohibition under section 362(a)(1) of the Bankruptcy Code against the continuation of pre-petition litigation, the Debtor still filed in the State Court Litigation: (1) *Defendant Carl Dorvil's Motion for New Trial*; and (II) *Defendant Carl Dorvil's Motion for Judgment Notwithstanding the Verdict and to Modify the Judgment* (together,

---

[2] Pursuant to the Final Judgment, the Debtor is also jointly and severally liable for damages against Agile in the following amounts: (a) actual damages in the amount of $2 million; (b) pre-judgment interest at the rate of 14.5%, totaling $2,816,706.32; (c) statutory damages for theft of $1,000.00; (d) exemplary damages in the amount of $4,810,944.79; (e) attorneys' fees in the amount of $273,155.00; (f) expenses in the amount of $7,515.48; and (g) costs of court.

the "Prohibited Motions"). The Prohibited Motions are attached hereto as **Exhibit A** and incorporated herein for all purposes.

17.     On August 30, 2023, counsel for the Masons advised the Debtor's state court counsel that filing the Prohibited Motions violated the automatic stay, Masons' counsel would inform the state court that the Prohibited Motions were filed in violation of the automatic stay and not to act on the Prohibited Motions until addressed by this Court, and the Masons intended to file this Motion.  Later that day, the Debtor's bankruptcy counsel indicated that the Debtor would seek emergency stay relief, but has not done so yet.

## IV.     RELIEF REQUESTED AND GROUNDS THEREFOR

18.     The Masons file this Motion to enforce the automatic stay against the Debtor pursuant to section 362(a)(1) of the Bankruptcy Code.  Specifically, the Masons request the Court order that: (i) the Debtor's filing of the Prohibited Motions violated the automatic stay, (ii) any action taken to date in state court with respect to the Prohibited Motions, without this Court's approval, is void, and (iii) the Debtor must take immediate action in the State Court Litigation to withdraw or abate the Prohibited Motions.  To the extent the Court finds appropriate, the Masons would also request recovery of damages, including attorneys' fees and expenses in seeking the relief requested in the Motion. If the Court were to determine that the state court may consider or otherwise act on the Prohibited Motions, the Masons would request that the Court provide relief from the automatic stay to allow the Masons to file responsive pleadings and otherwise defend themselves against the Prohibited Motions.

19.     The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(1).

20.     By filing of the Prohibited Motions, the Debtor is attempting to continue the

State Court Litigation, which had commenced before commencement of this Bankruptcy Case.

Accordingly, the filing of the Prohibited Motion, even if by the Debtor, violated section

362(a)(1) of the Bankruptcy Code. *Cf. Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv.*

*Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986) (concluding that the debtor's cross-appeal in federal

district court was stayed by 11 U.S.C. § 362).

21.     In addition, although the Stay Relief Order allowed for completion of the trial and

for a jury verdict and judgment to be rendered, the Stay Relief Order expressly forbade actions

taken to allow for "a new trial or empaneling of a new jury in the State Court Litigation." Stay

Relief Order ¶ 4.  Further, pursuant to the Stay Relief Order, the automatic stay was reimposed on

August 1, 2023.  Thus, no reading or interpretation of the Stay Relief Order could allow for the

filing of the Prohibited Motions.

22.     Further, the Stay Relief Order reflected this Court's intent that completion of the

trial already underway in the State Court Litigation be used to liquidate the Masons' claim against

the Debtor, and then any further proceedings would be in this Court related to the Masons' proof

of claim[3] and the Masons' discharge action, both of which the Debtor is free to contest in the

Bankruptcy Case.  Allowing the State Court Litigation to proceed would result in duplicative

proceedings addressing the same or similar issues, as the Masons' proof of claim and the Masons'

discharge action are bankruptcy actions that will and should proceed in the Bankruptcy Case.

Continuation of the State Court Litigation could also both significantly delay the Bankruptcy Case

and take control of the timing of litigation away from this Court, as appeals of the Final Judgment

could take years.

---

[3] The Masons are in the process of preparing a proof of claim based on the Final Judgment, which will be
filed before the bar date next week.

23.     By filing the Prohibited Motions, the Debtor willfully violated the automatic stay
and ignored the Court's Stay Relief Order.  By this Motion, the Masons therefore request that the
Court order that the filing of the Prohibited Motions was in violation of the automatic stay and that
any action taken in state court, until authorized by this Court, on the Prohibited Motions is void.
*See York v. State*, 373 S.W.3d 32, 38-40 (Tex. 2012) (holding that actions taken in violation of the
automatic stay are void, not just voidable).  The Masons further request that the Court order
withdrawal or abatement of the Prohibited Motions in the State Court Litigation until further relief
from this Court.  To the extent the Court determines appropriate, the Masons also seek recovery
of their attorneys' fees and expenses incurred in seeking the relief requested herein, and any actual
or other damages. 11 U.S.C. § 362(k).

24.     To the extent the Court determines that the state court may consider the Prohibited
Motions, the Masons would request relief from the automatic stay to allow the Masons to file
responsive pleadings and otherwise defend themselves against the Prohibited Motions.  As argued
in the Masons' Stay Relief Motion (and ordered in the Stay Relief Order) under certain
circumstances, a bankruptcy court may lift the stay to allow litigation involving the debtor to
continue in a non-bankruptcy forum. *See* Stay Relief Motion ¶ 19.  Here, it would greatly prejudice
the Masons if the state court were to consider the merits of the Prohibited Motions and the Masons
could not defend themselves.  While any action taken, without Court approval, with respect to the
Prohibited Motions would be a violation of the automatic stay, to the extent the Court is inclined
to allow the state court to consider or otherwise act on the Prohibited Motions, the Masons would
respectfully request that the Court provide relief from the automatic stay to allow the Masons to
file responsive pleadings and otherwise defend themselves in connection with the Prohibited
Motions. In such case, the Masons would also request that the Court waive the 14-day stay of an

order granting this Motion, as provided under Bankruptcy Rule 4001(a)(3). Waiver of the 14-day stay would be appropriate under such circumstances so that the Masons could defend against the Prohibited Motions.

## V. **RESERVATION OF RIGHTS**

25. The Masons reserve all rights under the Bankruptcy Code and applicable non-bankruptcy law, including with respect to the State Court Litigation, the determination of the amount, allowance, and/or dischargeability of any claim against the Debtor, and including the right to amend, supplement, or withdraw this Motion, or any portion thereof, at or prior to any final hearing on this Motion. The Masons also reserve their right to proceed in the State Court Litigation against non-debtors.

## VI. **PRAYER**

The Masons respectfully request that this Court: (i) grant the relief requested in this Motion; (ii) order that the filing of the Prohibited Motions was in violation of the automatic stay and that any action taken in state court with respect to the Prohibited Motions is void, without this Court's approval; (iii) require the Debtor to withdraw, abate, or otherwise prevent the Prohibited Motions from moving forward; (iv) to the extent the Court deems necessary, grant the Masons relief from the automatic stay so they may file responsive pleadings and otherwise defend themselves against the Prohibited Motions; (v) awarding the Masons actual damages and other damages as appropriate, including attorneys' fees and expenses in seeking the relief requested in the Motion; and (vi) grant the Masons such other and further relief to which they may be justly entitled, both at law and in equity.

*[Remainder of Page Intentionally Left Blank]*

**DATED: September 1, 2023.**

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)


By: */s/ Phillip Lamberson*
    Phillip Lamberson
    Texas Bar No. 00794134
    Jason A. Enright
    Texas Bar No. 24087475

**ATTORNEYS FOR CHARLES AND
KATHLEEN MASON**


<u>**CERTIFICATE OF CONFERENCE**</u>

As noted earlier in this Motion, the undersigned hereby certifies that, on August 30, 2023, I emailed Debtor's counsel in the State Court Litigation, who did not expressly respond regarding whether the Debtor would contest the relief in this Motion, but I assume that the Debtor will contest the relief requested in the Motion.

    */s/ Phillip Lamberson*
    Phillip Lamberson


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 1, 2023, a true and correct copy of the foregoing document was (i) mailed via First Class Mail on the parties below; and (ii) electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

    */s/ Jason A. Enright*
    Jason A. Enright

**Debtor:**

Carl Gerard Dorvil
1114 Newcastle Dr.
Rockwall, Texas 75032

**Attorneys for Debtors:**

Guy H. Holman
Guy Harvey Holman, PLLC
8330 Lyndon B Johnson Fwy
Suite B646
Dallas, Texas 75243

Melissa S. Hayward
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231

**Chapter 7 Trustee:**

Jeffrey H. Mims, Trustee
Founders Square, Suite 560
900 Jackson Street
Dallas, Texas 75202

**United States Trustee:**

United States Trustee
1100 Commerce Street
Room 976
Dallas, Texas 75202

**List of Creditors:**

Ariel Bouskila Esq
5 Hanover Square Ste 2102
New York, NY 10004

Attorney General of Texas
Bankruptcy Division
P.O. Box 12548
Austin, TX 78711-2540

Benchmark Title
2007 Randle Street
Dallas, TX 75201

C6 Capital
351 E 84th ST Suite #27E New York NY
New York, NY 10028

Calvary Fund I, LP
c/o Fox Rothschild LP
LP 101 Park Ave, 17th FL
New York, NY 10178

Compass Bank
c/o John M Kuykendall
15601 Dallas Parkway STE 900
Addison, TX 75001

Complete Business Solutions Group, Inc.
22 N 3rd Street
Philadelphia, PA 19106

EIN Capital
160 Pearl st FL 5 New York, NY 10005
New York, NY 10005

EMA Financial
40 Wall Street
New York, NY 10005

Hop Capital
c/o Ariel Bouskila; Berkovitch & Bouskil
5 Hanover Square, Ste 2102
New York, NY 10004

Internal Revenue Service
Centralized Insolvency Operations
P.O.Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Code DAL - 5020
1100 Commerce St.
Dallas, TX 75242

Jeffrey Fleischmann
150 Broadway STE 900
New York, NY 100038

Kings Cash Group
40 Exchange Place STE 1306
New York, NY 10005

Kings Cash Group
30 Broad Street, Suite 1201
New York, NY 10004

Linebarger, Goggan Blair & Sampson
2777 N. Stemmons Fwy
Suite 100
Dallas, TX 75207

North Texas Capital Partner
c/o Carlos R Cortez
1280 N Central Expy STE 360
Dallas, TX 75243

Payroll Express
1871 Martin Ave
Santa Clara, CA 95050

Texans Cu
Richardson, TX 75081

Texas Comptroller of Public Accounts
Revenue Accting Div,-Banker Section
P.O. Box 13528
Austin, TX 78711-3528

Texas Workforce Commission
101 E. 15th St.
Austin, TX 78778-0001

US Attorney General
Dept of Justice/Main Justice Bldg
10th & Constitution Ave NW
Washington, DC 20530-0001

Linebarger Goggan Blair & Sampson, LLP
Attn: Sherrel K. Knighton
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

Robert W. Buchholz
The Law Office of Robert W. Buchholz, P.C.
5220 Spring Valley Road, Suite 618
Dallas, Texas 75254

EXHIBIT A

CAUSE NO. DC-19-07426

| | | |
|---|---|---|
| CHARLES MASON and | § | IN THE DISTRICT COURT OF |
| KATHLEEN MASON, | § | |
| Plaintiffs, | § | |
| | § | 162nd JUDICIAL DISTRICT OF |
| v. | § | |
| | § | |
| AGILE CONNECTIONS, LLC, | § | DALLAS COUNTY, TEXAS |
| and CARL DORVIL, | § | |
| Defendants. | § | |

## <u>DEFENDANT CARL DORVIL'S MOTION FOR NEW TRIAL</u>

Defendant Carl Dorvil ("Dorvil") respectfully moves the Court to set aside the Final

Judgment[1] entered on July 28, 2023 and enter an order granting a new trial. In support thereof,

Defendant shows the Court as follows:

## I.    BACKGROUND

1.      Plaintiffs Charles Mason and Kathleen Mason ("Plaintiffs") sued Defendants Agile

Connections, LLC ("Agile") and Carl Dorvil ("Dorvil") for acts/omissions allegedly related to two

Notes signed by Plaintiffs and former Third-Party Defendant, Christopher Sahliyeh.

2.      Relevant to this motion, Plaintiffs sued Dorvil for breach of contract, money had

and received, conversion and theft, fraudulent inducement, and fraud, negligent misrepresentation,

and conspiracy.

3.      This matter was called to trial in front of a jury, which was presented with all of the

alleged matters except breach of contract.[2]

---

[1] Any reference to the July 28, 2023 Judgment as the Final Judgment does not admit acceptance
of or waive any objection to the July 28, 2023 Judgment as actually being a final judgment. Dorvil
objects to the finality of the judgment based on the terms of the judgment, as written.

[2] Defendant Dorvil respectfully requests this Court take judicial notice of all papers on file in the
case pursuant to Texas Rules of Evidence 201(c). "It is well recognized that a trial court may take
judicial notice of its own records in a cause involving the same subject matter between the same,

4.      The jury returned a verdict in favor of Plaintiffs on all claims as provided in the Charge of the Court dated June 9, 2023.

5.      On July 28, 2023, the Court signed a judgment awarding Plaintiffs as follows from Dorvil for money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy, specifically awarded as follows:

      a.  Actual damages in the amount of $2,000,000.00;
      b.  Statutory damages for theft of $1,000.00;
      c.  Exemplary damages in the amount of $1,000,000.00;
      d.  Attorneys' fees in the amount about $273,155.00;
      e.  Expenses in the amount of $7,515.48; and
      f.  Costs of court.

6.      Further, according to the July 28, 2023 Judgment, this Court ordered that Dorvil be jointly and severally liable for the actual damages, pre-judgment interest, statutory damages, attorneys' fees, expenses, costs of court, and post-judgment interest awarded above to Charles Mason and Kathleen Mason against Agile Connections, LLC.

7.      The default judgment against Agile provides that the Masons can recover damages Agile "on all Plaintiffs' claims against Agile Connections, LLC (breach of contract, money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy) in the following amounts:

      a.  Actual damages in the amount of $2,000,000.00;
      b.  Pre-judgment interest at the rate of 14.5%, totaling $2,816,706.32, plus $1,920.51 in additional pre-judgment interest for each date from June 9, 2023, through the entry of this Final Judgment;
      c.  Statutory damages for theft of $1,000;
      d.  Exemplary damages in the amount of $4,810944.79;
      e.  Attorneys' fees in the amount of $273,155.00;
      f.  Expenses in the amount of $7,515.48; and

---

or practically the same, parties." *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961); Tex. R. Evid. 201(c).

g.   Costs of Court"

Against Agile, post-judgment interest rate of 14.5% was added to the total amount, compounded

annually, running from the date of judgment until paid, and recover post-judgment interest.

8.      Finally, the judgment states that under the one satisfaction rule, Agile and Dorvil

are entitled to receive offset and credit for the amounts collected by the Plaintiffs actual damages,

attorneys' fees, expenses, and costs of court (and interest borne on these amounts).

## II.      GROUNDS FOR A NEW TRIAL

9.      This Court should grant a new trial because there is no legally or factually sufficient

evidence supporting any of the jury's findings in the jury verdict or the Court's July 28, 2023

judgment.  The findings in the jury's verdict are so against the great weight and preponderance of

the evidence as to be manifestly unjust.  In addition, the awards of damage by the jury are excessive

and not supported by factually sufficient evidence.

10.      Plaintiffs did not segregate their attorneys' fees between the causes of action that

permit the recovery of attorneys' fees and those that do not.  A party seeking to recover attorney's

fees "must segregate recoverable fees from those incurred by parties or on claims for which fees

are not recoverable" unless the legal services advance both a recoverable and non-recoverable

claim in a case in which the facts are so intertwined that they need not be segregated.  *Clearview

Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.]

2009, pet. denied); *see Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006).

In addition, Plaintiffs attorneys' fees are not reasonable or necessary as required for recovery.

11.      Defendant Dorvil should also be granted a new trial because the start of trial was

done by surprise.  On March 31, 2023, after filing Defendant's Motion for Reconsideration and

Motion for Interlocutory Appeal and Stay Pending Appeal, the Court regarded Dorvil's permissive

Motion for Interlocutory Appeal as a Notice of Appeal.



12.     After this filing, on or around April 6, 2023, the 162nd District Court Clerk informed

counsel Bhatti that she was to prepare the Clerk's Record for Appeal, and the matter had been

transferred to get ready for the appeals court.   Bhatti complied with all of the representations of

the Court clerks, including paying a clerk's record and transcript fee of $430.00.   Counsel complied

with everything requested of her by the District Court Clerks.



13.     At this point, the trial was set for April 11, 2023.   On April 10, 2023 around 10:46

am, the 162nd Court Coordinator at the time, Ms. Eva Richardson, informed Carl Dorvil that the

case would not be going to trial because it was closed due to the appeal.   Dorvil informed Ms.

Richardson that he was going to go out of town based on her representation, to which she

confirmed again that trial was not going to occur until the appeals matter was dealt with. As a result of Ms. Richardson's representation that the case was closed, the case was going to be abated and all hearings/trials stayed, due to the appeal process started by the district court, Dorvil did not attend the pretrial hearing.

14.     Upon being informed of the same by Dorvil, Bhatti called the 162nd District Court and spoke to Eva Richardson who informed her very specifically that because the case has been routed to the appeals court, the case has closed and would not be going to trial until the appeals matter was dealt with. Thereafter, Bhatti checked the Court's docket on April 10, 2023, which reflected the representation by Ms. Richardson, which reflected the information below:

04/11/2023 Jury Trial - Civil ▾

View Document     162nd Cover Letter

Judicial Officer
WYSOCKI, ASHLEY

Hearing Time
9:00 AM

Cancel Reason
CASE CLOSED

Comment
2 1/2 DAYS

15.     Thereafter, while the appeal was still pending with the Fifth Court of Appeals, Defendant Dorvil was informed by the court's clerk that the case was reset for trial on April 17, 2023. In response, Bhatti called Ms. Richardson and asked what changed, to which Ms. Richardson stated that she did not know why it would be set again pending appeal. Dorvil sought a continuance based on the motions for reconsideration and the pending interlocutory appeal, Dorvil's scheduling conflicts, and lack of reasonable notice. At the hearing for the Motion to

Continue, Defendant informed the Court that Defendant Dorvil made travel plans that could not be cancelled based on the representation of Ms. Richardson about the case being closed. The Court did not continue the trial and Dorvil had to miss the first few days of trial, which was noticed by the jury and during voir dire, thereby leaving a negative impression about Dorvil in the minds of the jurors and having a detrimental impact on his chances of receiving a fair trial. Defendant Dorvil did not have proper notice of the trial date, which caused a prejudicial effect on his standing at Court, and therefore should be awarded a new trial.

16.     Dorvil is also entitled to a new trial as a result of this Court's decision to inform the jury, after four days of trial, that they would be required to reconvene months later for several more days due to Dorvil's bankruptcy. Purposefully informing the jury that Defendant's bankruptcy filing was the reason trial was interrupted and their service was mandated for what was effectively a second jury duty was extremely prejudicial and would have inflamed any juror against Dorvil. The jury was informed of the bankruptcy as well as the consequences of the bankruptcy over the objection of Dorvil's trial counsel. Here, the bankruptcy and the delay had no relevance or bearing on the merits of the instant case and there was no reason to inform the jurors that the interruption and delay and extension of their jury service was essentially Dorvil's fault.

17.     An Order granting Plaintiffs' Motion in Limine (entered April 18, 2023) specifically states in a handwritten entry:

> 5.   Plaintiffs' financial condition or alleged wealth or net worth, including but not limited
>
> to any comparison of wealth or net worth between Plaintiffs and Defendant.
>
> 6.   *The reasoning behind Defendant Dorvil's absence which is a mutual order in limine to all counsel/parties.*
>
> Dated this 18th day of April, 2023.
>
> _____
> Judge Presiding

18.    Here, revealing Dorvil's bankruptcy filing to the jury is related to Dorvil's absence from the trial, and should not have been made.

19.    To make matters worse, in addition to informing the jury of the bankruptcy, the jury was given a significant time period to ruminate on the bankruptcy notification and brood over their prolonged service and second jury duty until the trial restarted.

20.    Plaintiff's theft cause of action was not properly submitted to the jury and the jury's theft finding is not supported by legally or factually sufficient evidence.  While the Court allowed a post-verdict amendment of Plaintiff's First Amended Complaint to plead the Texas Theft Liability Act (TTLA), the jury instruction submitted to the jury did not accurately or adequately put forward a TTLA charge.  To properly return a theft verdict against Dorvil, the jury had to find unlawful appropriation.  To find unlawful appropriation, the jury was required to find that Dorvil possessed criminal intent pursuant to the Texas Penal Code, Section 31.  Here, the jury did not have enough factual or legal definition/basis to return a TTLA verdict against Defendant as there was no establishment or criminal intent as required by the TTLA.  Without criminal intent, Plaintiffs merely have a business dispute, not an alleged theft.

21.    Plaintiffs' conspiracy claim wholly fails because the jury found that "Dorvil was responsible for the conduct of Agile" because "there was such a unity between Agile and Dorvil that the separateness of Agile had ceased." Jury Charge No. 12, p. 17.  As a result of this finding, Dorvil could not have conspired with Agile, and the conspiracy claim fails as a matter of law because a corporation cannot conspire with itself through its agent. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc*., 300 S.W.3d 348, 381 (Tex. App.-Dallas 2009, pet. denied) ("As a general rule, a corporation cannot conspire with itself through its agents."). The jury verdict should be disregarded.

22.    The jury charge's broad-form questions were improper.  Specifically, Defendant Dorvil objects to the following jury questions based on *Crown Life Insurance Co. v. Casteel*, 22 S.W.3d 378, 389 (Tex. 2000), *Harris County v. Smith*, 96 S.W.3d 230, 231 (Tex. 2002), and their progeny:

a.    <u>Question No. 10</u> – This question asks if Dorvil was "a part of a conspiracy with Agile to commit, theft, or fraud that damaged the Masons".  Here, the questions of conspiracy should have been broken up into individual questions so that the jury can individually answer whether the conspiracy applies to a conspiracy to commit conversion, theft, or fraud.  Given this failure, it is impossible to determine whether the conspiracy finding is supported by a valid, underlying cause of action, which is required for a conspiracy finding.  *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).

b.    <u>Question 11</u> – This question asks if "Dorvil assisted and encouraged Agile to commit conversion, fraud, or theft that damaged the Masons".  Here again, the question confuses whether Dorvil allegedly "assisted and encouraged" Agile to commit conversion, fraud, or theft, or a combination thereof.  The Court should have separately submitted the aiding and abetting issues.  Given this failure, it is impossible to determine which tortious act Dorvil allegedly aided and abetted Agile to commit and whether the finding is supported by legally and factually sufficient evidence.  *See West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied)..

c.    <u>Question No. 13</u> – This question asks "What sum of money…would fairly and reasonably compensate the Masons for their damages … from Dorvil's money had and received, conversion, theft, fraudulent inducement, or fraud…"  Given that Plaintiffs must elect a remedy against Dorvil, separating the jury's damage awards is vital to ascertain how much money,

if any, was apportioned to each cause of action and whether those separate awards are supported

by valid underlying causes of action and whether the separate awards and amounts of such awards

are supported by legally and factually sufficient evidence.

d.      Question No. 17 – This question asks the jury if they found Dorvil to have

committed the allegations in Question No. 10 fraudulently.  As referred herein, Question 10 asks

if Dorvil was "a part of a conspiracy with Agile to commit, theft, or fraud that damaged the

Masons".  As the underlying question is not granulated, as required here, Question 17 fails because

it is based upon a faulty question.

e.      Question No. 18 – This question refers to and relies on Question No. 17,

which improperly lumps all of the underlying claims in one question.  Some of the underlying

claims may support an award of exemplary damages.  Others do not.  The submission of a question

asking whether exemplary damages should be awarded if any of those causes of action were

committed fraudulently was reversible error.

23.      Further, despite Texas law, the July 28, 2023 Judgment attempts to hold Dorvil

liable for  the damages awarded in the default judgment against Agile.  However, the default of a

non-answering party cannot bind an answering party in the same suit or deny the answering party

an opportunity to assert defenses to any claims of vicarious or derivative liability.  See e.g.,

*Mayfield* v. Hicks, 575 S.W.2d 571 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.).   As such,

Dorvil cannot be liable based on the default judgment rendered against Agile.

24.      The Court erred by rendering a judgment without requiring the Masons to elect a

remedy and recover against Dorvil under that theory of liability alone.  During the hearing

regarding Plaintiffs' Motion for Award of Attorneys' Fees, Final Judgment, and Severance,

Plaintiffs admitted they needed to elect a remedy and elected damages for alleged fraud to preserve

issues with the bankruptcy court and theft to recover attorneys' fees. Plaintiffs cannot pick-and-choose their remedies recoverable for different causes of action; rather, they have to pick one theory of liability and recover only the remedies for that theory of liability. The July 28, 2023 Judgment ignored the election altogether and awarded a mix of damages based on all of Plaintiffs' asserted causes of action.

## III.    CONCLUSION AND PRAYER

Wherefore, premises considered, Defendant Dorvil respectfully requests that the Court grant this motion for new trial, set aside the judgment entered on July 28, 2023, and grant any and all other such further relief, whether at law or in equity to which it may be justly entitled.

Dated: August 28, 2023                          Respectfully submitted,

                                                **The Bhatti Law Firm, PLLC**

                                                /s/ Ditty S. Bhatti
                                                Ditty S. Bhatti, State Bar No. 24062803
                                                5700 Tennyson Parkway, Suite 300
                                                Plano, TX 75024
                                                Telephone: (214) 253-2533
                                                Facsimile: (214) 279-0033
                                                Vincent.bhatti@bhattilawfirm.com
                                                Ditty.bhatti@bhattilawfirm.com
                                                **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 28th day of August, 2023.

                                                /s/Ditty S. Bhatti
                                                Ditty S. Bhatti

CAUSE NO.  DC-19-07426

| | | |
|---|---|---|
| CHARLES MASON and | § | IN THE DISTRICT COURT OF |
| KATHLEEN MASON, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AGILE CONNECTIONS, LLC, | § | 162nd JUDICIAL DISTRICT OF |
|      Defendant | § | |
| and | § | |
| CARL DORVIL, | § | |
|      Defendant/Third-Party Plaintiff | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| CHRISTOPHER SAHLIYEH, | § | |
|      Third-Party Defendant | § | |

## <u>VERIFICATION OF CARL DORVIL</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned Notary Public, on this day personally appeared Carl Dorvil, Defendant and Third-Party Plaintiff, in the above-referenced case, who, after being duly sworn, stated under oath that:

1. My name is Carl Dorvil.
2. I am over 18 years of age and capable of making this affidavit.
3. To the best of my knowledge, any and all supporting facts asserted in Dorvil's Motion for New Trial.
4. I have all knowledge and information regarding my unavailability to attend trial beginning on April 18, 2023, which I committed to after I was informed the case was closed and not going to trial, including my conversation with Eva Richardson, who was court coordinator for the 162nd District Court of Dallas County, Texas.
5. I specifically have knowledge and information as addressed in Paragraphs 13, 14, 15, and 16.

_____
Carl Dorvil

SUBSCRIBED AND SWORN TO BEFORE ME on this ___27th___ day of August 2023, to certify which witness my hand and official seal.



Notary Public in and for the State of Texas

## CAUSE NO.  DC-19-07426

| | | |
|---|---|---|
| CHARLES MASON and | § | IN THE DISTRICT COURT OF |
| KATHLEEN MASON, | § | |
| Plaintiffs, | § | |
| | § | 162nd JUDICIAL DISTRICT OF |
| v. | § | |
| | § | |
| AGILE CONNECTIONS, LLC, | § | |
| and CARL DORVIL, | § | DALLAS COUNTY, TEXAS |
| Defendant | § | |
| | § | |

## <u>VERIFICATION OF DITTY S. BHATTI</u>

STATE OF TEXAS          §

COUNTY OF COLLIN        §

I, Ditty S. Bhatti, (DOB: 07/27/1982 and 5700 Tennyson Parkway, Suite 300, Plano, TX 75025, State of Texas, USA) declare under the penalty of perjury that this document titled Verification of Ditty S. Bhatti and the information below is true and correct:

1.      My name is Ditty S. Bhatti.  I am over 18 years of age and capable of making this verification.  I am an attorney licensed to practice law in Texas, and I am counsel of record for Carl Dorvil in the above-referenced case.  As such, I have personal knowledge of the facts as provided in Dorvil's Motion for New Trial.

2.      I am familiar with the reasonable and necessary work performed in this case by myself on behalf of Carl Dorvil.  I have knowledge and information related to my conversations with this Court's clerk, Eva Richardson, and another clerk regarding events that occurred after Dorvil filed his Motion for Interlocutory Appeal.

3.      After filing, and the Court's acceptance, Dorvil's Motion for Interlocutory Appeal and Request to Stay pending the Interlocutory Appeal, the Court clerk informed me that the case was now being appealed and not within the jurisdiction of the district court.

4.      I was also told to file the clerk's record by 2pm, and pay the appeals fee, which I did on behalf of Dorvil.

5.      On April 10, 2023, Dorvil informed Ditty S. Bhatti that the case was considered closed by the Court Coordinator Eva Richardson, and that all settings were abated pending the appeal.

6.      I thereafter called the Court, and spoke to Ms. Richardson, who informed me that because of the appeal the trial was not going forward.  I also informed Ms. Richardson that all I wanted was a hearing on the permission motion.  Despite this, I was told that the appeals court had jurisdiction over this matter.

7.      On or around April 6, 2023, the District Court Clerk who deals with appeals informed me that I would need to file a Clerk's Record for appeal by 2pm that same day.  I complied on behalf of Dorvil's case.

8.      I was told thereafter to pay appeals related fee of $430, to which I also complied on behalf of Dorvil's case.

9.      When I was informed by Dorvil that the case was put on the April 17, 2023 docket, I called and spoke to Ms. Richardson who stated she did not know why it would be back on the docket pending the appeal.

10.     I have information and knowledge to form the information as provided in Dorvil's Motion for New Trial, including but not limited to ¶¶ 11-12, 15-16.

Executed in Collin County, State of Texas on the 28th day of August, 2023.


_____

Ditty S. Bhatti

CAUSE NO.  DC-19-07426

| | | |
|---|---|---|
| CHARLES MASON and | § | IN THE DISTRICT COURT OF |
| KATHLEEN MASON, | § | |
|     Plaintiffs, | § | |
| | § | 162nd JUDICIAL DISTRICT OF |
| v. | § | |
| | § | |
| AGILE CONNECTIONS, LLC, | § | DALLAS COUNTY, TEXAS |
| and CARL DORVIL, | § | |
|     Defendants. | § | |

## DEFENDANT CARL DORVIL'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND TO MODIFY THE JUDGMENT

TO THE HONORABLE JUDGE WYSOCKI:

Defendant Carl Dorvil ("Dorvil") respectfully files this his Motion for Judgment Notwithstanding the Verdict (the "Motion") pursuant to Texas Rules of Civil Procedure 301, and states as follows:

### I.    RELEVANT BACKGROUND AND SUMMARY OF THE ARGUMENT

Plaintiffs' causes of action presented to the jury are all based on the Notes executed by Plaintiffs and Christopher Sahliyeh, the third-party Defendant.  Plaintiffs sued Dorvil for individual liability under Texas Tax Code § 171.255 for breach of contract and tort claims, in the alternative, including money had and received, conversion and theft, fraudulent inducement, and fraud, negligent misrepresentation, and conspiracy.

After a jury trial on the tort issues, judgment[1] was entered against Dorvil for the claims of money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy, as follows:  (a)  Actual damages

---

[1] Any reference to the July 28, 2023 Judgment as the Final Judgment does not admit acceptance of or waive any objection to the July 28, 2023 Judgment as actually being a final judgment.  Dorvil objects to the finality of the judgment based on the terms of the judgment, as written.

in the amount of $2,000,000.00; (b) Statutory damages for theft of $1,000.00; (c) Exemplary damages in the amount of $1,000,000.00; (d) Attorneys' fees in the amount about $273,155.00; (e) Expenses in the amount of $7,515.48; and (f) Costs of court.

This Court also ordered that Dorvil be jointly and severally liable for the actual damages, pre-judgment interest, statutory damages, attorneys' fees, expenses, costs of court, and post-judgment interest against Agile Connections, LLC in a default judgment. The judgment against Agile provides that the Masons can recover damages on all of Plaintiffs' claims against Agile Connections, LLC (breach of contract, money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy) in the following amounts: (a) Actual damages in the amount of $2,000,000.00; (b) Pre-judgment interest at the rate of 14.5%, totaling $2,816,706.32, plus $1,920.51 in additional pre-judgment interest for each date from June 9, 2023, through the entry of this Final Judgment; (c) Statutory damages for theft of $1,000; (d) Exemplary damages in the amount of $4,810944.79; (e) Attorneys' fees in the amount of $273,155.00; (f) Expenses in the amount of $7,515.48; and (g) Costs of Court. Against Agile, post-judgment interest rate of 14.5% was added to the total amount, compounded annually, running from the date of judgment until paid, plus post-judgment interest. Finally, the judgment states that under the one satisfaction rule, Agile and Dorvil are entitled to receive offset and credit for the amounts collected by the Plaintiffs actual damages, attorneys' fees, expenses, and costs of court (and interest borne on these amounts).

Overall, Dorvil moves for a JNOV on the following grounds: (1) Dorvil cannot conspire against himself; (2) the jurors have no legal basis for a finding of theft under the TTLA without any finding of criminal intent; (3) the default judgment rendered against Agile cannot bind Dorvil;

(4) the judgment doesn't reflect an election of remedies (even Plaintiffs' flawed selection of fraud and theft); and (5) the July 28, 2023 judgment is not final as written.

The judgment against Dorvil should be vacated and set aside because the jury's verdict is not supported by legally sufficient evidence. Dorvil is entitled to relief under Rule 301 of the Texas Rules of Civil Procedure because a directed verdict in favor of Defendant would have been proper, and there is no evidence to support the jury findings.

## II.   ARGUMENTS & AUTHORITIES

"A trial court should grant a motion for judgment notwithstanding the verdict when: (1) the evidence is conclusive and one party is entitled to recover as a matter of law; or (2) a legal principle precludes recovery." *Stover v. ADM Milling Co.*, 2018 WL 6818561, at *7 (Tex. App.— Dallas Dec. 28, 2018, no pet.); *See* Tex. R. Civ. P. 301.

### **Dorvil Cannot Conspire Against Himself**

When asked in Question 10 of the Jury Charge whether "Dorvil [was] a part of a conspiracy with Agile to commit conversion, theft, or fraud that damaged the Masons," the jury responded in the affirmative. Jury Charge No. 12, p. 15. Plaintiffs' conspiracy claim wholly fails because the jury found that "Dorvil was responsible for the conduct of Agile" because "there was such a unity between Agile and Dorvil that the separateness of Agile had ceased." Jury Charge No. 12, p. 17.

As a matter of law, a corporation cannot conspire with itself through its agent. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc*., 300 S.W.3d 348, 381 (Tex. App.-Dallas 2009, pet. denied) ("As a general rule, a corporation cannot conspire with itself through its agents."). Plaintiffs asserted in their First Amended Petition that Dorvil was an

officer/director of Agile at all relevant times for this case.  Plaintiff's Amended Petition, ¶ 14, p.

4.  Dorvil could not conspire with Agile because the acts of a corporate agent, as Dorvil was found

to be by the jury, are deemed to be acts of the corporation itself.  *See Texas Integrated Conveyor*,

300 S.W.3d at 381-82; *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 673 (Tex. App.—

Corpus Christi 1988), *writ denied per curiam*, 775 S.W.2d 632 (Tex. 1989). As such, the jury

verdict should be set aside.

## Plaintiffs' Theft Finding by the Jury is Baseless

Plaintiff's theft cause of action was not properly submitted to the jury and the jury's theft

finding is not supported by legally or factually sufficient evidence.  First, the matter was not plead

by Plaintiffs in their First Amended Petition.  While the Court allowed a post-verdict amendment

of Plaintiff's First Amended Complaint to plead the Texas Theft Liability Act (TTLA), the jury

instruction submitted to the jury did not accurately or adequately put forward a TTLA question.

Plaintiffs have merely alleged a business dispute with Dorvil and have failed to present any

evidence of any criminal intent supporting a theft finding.

The Texas Theft Liability Act provides civil liability for certain acts proscribed by the

Texas Penal Code.  Section 134.002(2) of the Civil Practice & Remedies Code defines "theft" as

the unlawful appropriation of property or unlawfully obtaining services as described by Section

31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code. Penal Code 31.03 provides:

> (a) A person commits an offense if he **unlawfully appropriates** property
> with **intent** to deprive the owner of property.

> (b) Appropriation of property is unlawful if: (1) it is without the owner's
> effective consent; (2) the property is stolen and the actor appropriates the property
> knowing it was stolen by another; or (3) property in the custody of any law
> enforcement agency was explicitly represented by any law enforcement agent to

Dorvil's Judgment Notwithstanding the Verdict                                    Page 4

the actor as being stolen and the actor appropriates the property believing it was stolen by another.

Here, the jury was presented no evidence of unlawful appropriation because the jury was not properly instructed regarding the proper legal definition of "unlawful appropriation." For an instruction to be proper, it must (1) assist the jury; (2) accurately state the law; and (3) find support in the pleadings and the evidence. See Tex. R. Civ. P. 278; *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex. App.-Dallas 1995, writ denied). The proper definition of "unlawful appropriation" was necessary to enable the jury to render a proper verdict.

To return a theft verdict against Dorvil, the jury had to find unlawful appropriation. To find unlawful appropriation, the jury was required to find that Dorvil possessed *criminal* intent pursuant to the Texas Penal Code, Section 31. There jury made no such finding in this case.

Finally, the theft claim was not properly before the jury because this case merely presents a commercial dispute. This case arose out of commercial notes and allegations that Dorvil did not pay Plaintiffs according to the terms of the note. The mere fact that a person fails to comply with the terms of a note or repay money owed under a contract does not, by itself, constitute theft. When a claim of theft is made in connection with a contract, there must be "proof of more than an intent to deprive the owner of property and subsequent appropriation of the property." *Porter-Garcia v. Travis Law Firm, PC*, 564 S.W.3d 75, 91 (Tex. App. –Houston [1st Dist.] 2018, pet. denied)(citation omitted). This was a mere contractual dispute, not theft. When there is no evidence of criminal intent, theft convictions resulting from an otherwise contractual dispute warrant reversal for insufficient evidence. *See Peterson v. State*, 645 S.W.2d 807, 811-12 (Tex. Crim. App. 1983). Here, Plaintiffs failed to establish any criminal intent by Dorvil or put forward such theory before a jury, and therefore should not obtain judgment on their theft claim.

## Dorvil Cannot Be Liable for Damages Awarded in Default Judgment Entered Against Agile

Further, despite Texas law, the July 28, 2023 Judgment attempts to hold Dorvil liable for the damages awarded in the default judgment against Agile.  However, the default of a non-answering party does not bind an answering party in the same suit or deny the answering party an opportunity to assert defenses to any claims of vicarious or derivative liability.  See e.g., *Christian v. Venefits, LLC,* No. 05-17-01218-CV, 2018 WL 6187612, at *4-*7 (Tex. App.—Dallas Nov. 27, 2018, no pet.) ("…default of a non-answering party does not bind an answering party in the same suit…"); *Mayfield,* 575 S.W.2d at 574.

As such, Dorvil cannot be liable based on the default judgment rendered against Agile.

## Plaintiffs Failed to Properly Elect Their Remedy, and the Court's Judgment, Which Is Based on Plaintiffs' Recovery for Multiple Claims, Is in Error

Here, a single harm purportedly occurred to Plaintiffs related to the failure to perform under the notes, from which they pled claims for breach of contract, money had and received, conversion and theft, fraudulent inducement and fraud, negligent misrepresentation, and conspiracy.  A party is entitled to sue and seek damages on alternative theories but is not entitled to recover on multiple theories; to do so is considered equivalent to a "double recovery." *Waite Hill Servs., Inc. v. World Class Metal Works, Inc*., 959 S.W.2d 182, 184 (Tex.1998); *Birchfield v. Texarkana Mem'l Hosp*., 747 S.W.2d 361, 367 (Tex.1987).  The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury. The rule is that if the plaintiff suffers only a single injury, it can recover only those damages authorized under the single theory that affords the greatest recovery.  *Boyce Iron Works, Inc. v. SW Bell Tel. Co*., 747 S.W.2d 785, 787 (Tex. 1988); *see also Tonny Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303-04 (Tex. 2006); *Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 335-36 (5th Cir.2008) (applying Texas law

and noting that **prevailing parties may not "pick and choose" remedies** from different sources to maximize relief) (emphasis added).

In the instant case, Plaintiffs elected the remedies of fraud and theft. The Notes form the basis of this case, regardless of the causes of action alleged by Plaintiffs. Plaintiffs are entitled to only one recovery, not two as Plaintiffs have attempted to select. Plaintiffs can select fraud remedies, which do not include attorneys' fees, or a theft claim, which this Court has allowed the Plaintiffs to supplement post-trial, which allows for attorneys' fees. Plaintiffs cannot select both. Allowing Plaintiffs to pick and choose from damages elements arising from different theories is impermissible under Texas law and requires entry of a new judgment based on the single tort that affords the greatest recovery. See *Boyce Iron Works, Inc.*, 747 S.W.2d at 787.

However, the Court's July 28, 2023 Judgment does not elect any remedies per Texas law. Rather, this Court awarded Plaintiffs judgment against Dorvil on all causes of action, including money had and received, conversion, theft, fraudulent inducement, fraud by misrepresentation, fraud by omission, negligent misrepresentation, and conspiracy. There has been no election of remedies, and therefore the judgment should be set aside.

## The July 28, 2023 Judgment Is Not Final

The judgment as written is not a final judgment. The July 28, 2023 judgment entered in this case states that "while the judgments against Agile…[and] Dorvil contained herein are independent, the Plaintiffs' collection of the amounts awarded…are subject to only one recovery under the one satisfaction rule and, therefore, both Agile…[and] Dorvil are entitled to receive offset and credit for amounts collected…"

The inclusion of this provision in the purported final judgment renders it indefinite and interlocutory. *See Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349–50 (Tex. 1971) (noting final judgment must be definite and certain); *In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) ("'A judgment is not final unless it is definite and certain, such that the clerk can ascertain the amount to place in the writ of execution. . . . In other words, '[i]f the amount awarded by the judgment cannot be determined, the judgment is interlocutory.'") (quoting *In re Educap, Inc.*, No. 01–12–00546–CV, 2012 WL 3224110, at *3 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, no pet.)); *Chado v. PNL Blackacre, LP*, No. 05-04-00312-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.). A judgment that awards "'an unascertainable amount cannot be final.'" *In re Blankenhagen*, 513 S.W.3d at 100 (quoting *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex. App.—Corpus Christi 1991, writ denied)). Otherwise, ministerial officers would be unable to carry the final judgment into execution without referring to additional facts. *See In re Blankenhagen*, 513 S.W.3d at 100; *Chado*, 2005 WL 428824, at *1.

The so-called "final judgment" in this case purports to award money damages against Dorvil minus a judgment credit any offset or credits for amounts collected for payments on the loans in question by the other responsible parties. Such a judgment term makes it impossible for any ministerial officer to determine the amount of the judgment against Dorvil without reference to additional facts. Thus, the orders are indeterminate and interlocutory as a matter of law.

And of course, the court of appeals will have no jurisdiction to review this interlocutory order. *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 33, 338 (Tex. App.—Dallas 2018, no pet.). The Court should rectify this error before the case is sent to the court of appeals for probably return to the

trial court for correction.

The lack of specificity as to the amount of the judgment rendered against Dorvil is based on an infinite number of future occurrences. As such, the judgement is not final and does not properly dispose of this case.

### III.    CONCLUSION

For the reasons stated herein, Dorvil respectfully requests that the Court grant his Motion for Judgment Notwithstanding the Verdict, enter a judgment that Masons take nothing from Dorvil, and grant Dorvil any and all further relief to which he may show himself justly entitled. Alternatively, the Court should address the failures in the judgment pointed out in this motion and render a modified judgment.

Dated: August 28, 2023

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

/s/ Ditty S. Bhatti
Ditty S. Bhatti, State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 28th day of August, 2023.

/s/Ditty S. Bhatti
Ditty S. Bhatti

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-30771-sgj7** |
| **CARL GERARD DORVIL,** | § | |
| | § | **Chapter 7** |
| Debtor. | § | |

**ORDER GRANTING MOTION OF CHARLES AND KATHLEEN MASON
TO ENFORCE THE AUTOMATIC STAY AND FOR RELATED RELIEF**

Came on for consideration the *Motion of Charles and Kathleen Mason to Enforce the Automatic Stay and for Related Relief* (the "Motion"), filed by Charles and Kathleen Mason (the "Masons"), creditors in the above-captioned bankruptcy case (the "Bankruptcy Case") of Carl Gerard Dorvil (the "Debtor"). The Court, having reviewed the Motion and any timely filed responses thereto, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) notice of the Motion and any hearing thereon were sufficient and proper under the Federal and Local Rules of Bankruptcy Procedure; and (d) just cause exists to grant the Motion pursuant to sections 105 and 362 of the Bankruptcy Code.   Having considered the evidence presented, statements and

---

**ORDER GRANTING MASONS' MOTION TO ENFORCE THE STAY**                    **PAGE 1 OF 3**

arguments of counsel at the hearing, and responses thereto, if any, this Court is of the opinion

that the Motion is meritorious and establishes sufficient grounds to approve the relief requested

therein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**[1]

1.      The Motion is **GRANTED**.

2.      Pursuant to section 362(a)(1) of the Bankruptcy Code, the filing of the Prohibited

Motions by the Debtor was in violation of the automatic stay, pursuant to 11 U.S.C. § 362(a)(1),

and any action taken in the State Court Litigation with respect to the Prohibited Motions is void,

other than as set forth herein.

3.      The Debtor must take immediate action in the State Court Litigation to withdraw

or abate the Prohibited Motions.

4.      Due to the Debtor's violation of 11 U.S.C. § 362(a)(1)**,** the Debtor must pay to the

Masons damages, which includes attorneys' fees and expenses incurred by the Masons in

bringing the Motion, in the amount of $_____, pursuant to 11 U.S.C. § 362(k).

5.      This Court shall retain exclusive jurisdiction to enforce the terms of this Order.

6.      This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is

effective immediately upon entry.

###

---

[1] Any capitalized term not otherwise defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

Submitted by:

Phillip L. Lamberson
Texas Bar No. 00794134
Jason A. Enright
Texas Bar No. 24087475
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)
plamberson@winstead.com
jenright@winstead.com

**ATTORNEYS FOR CHARLES AND
KATHLEEN MASON**